UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIPS ORAL HEALTHCARE, LLC<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN SINCERE MOLD TECHNOLOGY CO., LTD; SHENZHEN VBATTY TECHNOLOGY CO., LTD.; SHENZHEN HIGH SIDA TECHNOLOGY CO., LTD; SHENZEHN HERSHELLY TECHNOLOGY CO., LTD.; and ZHONGSHAN BESTCLEAN BRUSH CO., LTD.,<br><br>Defendants. | No. 2:18-cv-01032-TSZ<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, Philips Oral Healthcare, LLC ("Philips") sued the named Defendants for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, Washington state law, and common law. Due to Defendants' default, the Court takes as true the well-pleaded facts in Plaintiff's Complaint. The Court now orders the entry of default judgment and a permanent injunction. This judgment and permanent injunction are effective only as to the named parties in this action.

# Findings of Fact[1]

Philips filed this action on July 13, 2018, for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, Washington state law, and common law. Complaint, docket no. 1. Philips completed service on each of the named defendants listed below (the "Defaulting Defendants") in accordance with the Court's order authorizing electronic service. Order, docket no. 21.

- Shenzhen Sincere Mold Technology Co., Ltd ("Sincere Mold");
- Shenzhen Vbatty Technology Co., Ltd ("Vbatty Technology");
- Shenzhen High Sida Technology Co., Ltd ("High Sida");
- Shenzhen Hershelly Technology Co., Ltd. ("Hershelly Technology"); and
- Zhongshan BestClean Brush Co., Ltd ("BestClean").

Affidavits of Service, docket nos. 22-26; Declaration of Laura McClafferty in Support of Plaintiff's Motion for Default Judgment and Permanent Injunction ("McClafferty Decl."), docket no. 33, ¶¶ 3-6, 12-16, 21-23, 28-30, 35-36.

On December 13, 2018, the Clerk entered default against the Defaulting Defendants pursuant to Fed. R. Civ. P. 55(a), as such defendants failed to plead or otherwise defend against the allegations in the Complaint. Order, docket no. 29.

Philips offers a variety of oral health care products, including replacement toothbrush heads, electric toothbrushes, brush charging docks, and brush cases, under its SONICARE brand. Complaint, docket no. 1, ¶ 12. One of Philips' toothbrush heads within its SONICARE product line is the SimplyClean replacement toothbrush head. *Id.*

---

[1] Due to Defendants' default, the Court accepts as true the well-pleaded facts in Plaintiff's Complaint. The Court therefore finds these facts established for purposes of this litigation only, and as between the named parties to this action.

DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 2
NO. 2:18-cv-01032-TSZ

Philips purports to own common law trademark product configuration rights in the overall appearance of its SimplyClean toothbrush head (the "SimplyClean Trademark Product Configuration"). *Id.* ¶ 13.

The SimplyClean Trademark Product Configuration has been used for brush heads sold by Philips since at least 2007. *Id.* ¶ 15. Philips originally sold those brush heads only under the name ProResults. *Id.* After 2014, Philips sold, and continues to sell, those brush heads under the names SimplyClean and ProResults, differing only by the bristle colors. *Id.*

Prior to Defendants' infringing activities, and for over ten years, Philips alleges that it has has promoted and sold replacement toothbrush heads comprising the SimplyClean Trademark Product Configuration. *Id.* ¶ 16. Philips claims that it has exclusively used the SimplyClean Trademark Product Configuration continuously and extensively in interstate commerce, including in Washington. *Id.*

According to Philips, since 2012 U.S. customers purchased over 30 million units of Philips toothbrush heads comprising the SimplyClean Trademark Product Configuration, with more being exposed to the SimplyClean configured toothbrush head through advertising and promotion. *Id.* ¶ 17. During that same time, sales of Philips toothbrush heads comprising the SimplyClean Trademark Product Configuration generated revenue exceeding $130 million dollars. *Id.*

Philips alleges that it has invested substantial resources and money in promoting its toothbrush heads comprising the SimplyClean Trademark Product Configuration through various media outlets, including the Internet. *Id.* ¶ 18. The SimplyClean Trademark Product Configuration has been and continues to be publicized throughout the U.S. *Id.*

For purposes of this litigation, the Court takes as true Philips' allegation that Philips' SimplyClean replacement brush heads have a unique and distinctive design. *Id.* ¶ 14.

1  Philips claims that the Defaulting Defendants, without any authorization or license from Philips, knowingly and willfully used, and continue to use, the SimplyClean Trademark Product Configuration in connection with the manufacturing, advertising, offering for sale, and sale of infringing replacement toothbrush heads in the U.S. and Washington over the Internet. *Id.* ¶ 20. Each Defaulting Defendant has manufactured and then sold and shipped infringing products into this Judicial District. *Id.*

According to Philips, the Defaulting Defendants facilitate infringing sales by designing their websites and/or marketplace listings so that they appear to potential purchasers to be authorized high-volume manufacturers and distributors of genuine Philips products. *Id.* ¶ 21. All the Defaulting Defendants' ship to Washington and sell to purchasers in Washington and the U.S. generally. *Id.* ¶ 22. Most of the Defaulting Defendants do not list addresses on their websites and/or marketplace listings. *Id.* ¶ 23. To the extent addresses are listed, those addresses appear to be inaccurate, inconsistent, or incomplete. *Id.*

Philips has alleged that the Defaulting Defendants are knowingly and willfully manufacturing, importing, distributing, offering for sale, and/or selling large quantities of replacement toothbrush heads comprising the SimplyClean Trademark Product Configuration beginning long after Philips first sold toothbrush heads in the same configuration. Philips further alleges that Defaulting Defendants' use of a copy of the SimplyClean Trademark Product Configuration has caused and is likely to cause confusion; has damaged Philips, its reputation, as well as the goodwill in and value of the SimplyClean Trademark Product Configuration; and gives the Defaulting Defendants an unfair competitive advantage.

**CONCLUSIONS OF LAW**

Because the Defaulting Defendants failed to answer Philips' Complaint, the facts alleged by Philips are deemed admitted for purposes of this litigation. *See Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *2 (W.D. Wash. Jan. 31, 2014) ("At the default judgment stage, well-pleaded factual allegations, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability.") (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

**I. JURISDICTION**

The Court concludes that it has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367, since the core of Philips' claims arise under federal law. *See* Complaint, docket no. 1, ¶ 10 ("This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*").

A court has personal jurisdiction over a defendant who has been served in accordance with Fed. R. Civ. P. 4. *See Travelers Cas. & Sur. Co. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). If a party receives adequate notice of the complaint, "Rule 4 is to be liberally construed to uphold service." *Id.* (internal quotation marks omitted).

Personal jurisdiction, whether general or specific, must also comport with due process. *Vosk Int'l Co. v. Zao Gruppa Predpriyatij Ost*, No. C11-1488RSL, 2012 WL 1033535, at *4 (W.D. Wash. Mar. 27, 2012). Absent an applicable federal statutory basis for jurisdiction, a federal court must apply the personal jurisdiction laws of the state in which it sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). As "Washington's long-arm statute extends jurisdiction to the limits of federal due process," a court has jurisdiction so long as defendants have sufficient "minimum contacts with the forum state such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice." *Vosk Int'l. Co.*, 2012 WL 1033535, at *4 (citations and internal quotation marks omitted).

### 1. The Court Has Specific Jurisdiction over the Defaulting Defendants

The Ninth Circuit uses a three-prong test to determine whether a non-resident defendant is subject to specific personal jurisdiction:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Amazon.com, Inc. v. Nat'l Ass'n of Coll. Stores, Inc.*, 826 F. Supp. 2d 1242, 1253 (W.D. Wash. 2011) (citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004))). Philips has alleged facts—deemed admitted by the Defaulting Defendants—sufficient to establish personal jurisdiction over the Defaulting Defendants. *See Getty Images (US), Inc.*, 2014 WL 358412, at *2.

#### a. The Defaulting Defendants Purposefully Directed Their Activities Toward Washington

In trademark infringement actions, a defendant purposefully directs its activities toward the forum state by "(1) commit[ing] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011).

The Defaulting Defendants sold infringing products, showing an "intent to perform an actual, physical act in the real world." *Attachmate Corp. v. Public Health Trust*, 686 F. Supp. 2d 1140, 1146 (W.D. Wash. 2010) (citation omitted). Specifically, the Defaulting Defendants "without any authorization . . . have knowingly and willfully used, and continue to use, the SimplyClean Trademark Product Configuration in connection with the

manufacturing, advertising, offering for sale, and sale of infringing replacement toothbrush heads in the U.S. and Washington over the Internet" using their Alibaba storefronts (Compl., docket no. 1, ¶¶ 20, 25-49), and have "sold and shipped infringing products into this Judicial District" (*Id.* ¶ 20). Such sales and operation of the Alibaba storefronts constitute intentional acts. *Blue Nile, Inc. v. Ideal Diamond Solutions, Inc.*, No. C10-380TSZ, 2011 WL 830724, at *2 (W.D. Wash. Mar. 1, 2011) ("Operating a website is an intentional act.").

With respect to acts "expressly aimed" at the forum state, personal jurisdiction is appropriate where an entity is conducting business over the internet and has offered for sale and sold its products to forum residents. *See Washington, Dept. of Revenue v. WWW.Dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048, 1052 (W.D. Wash. 2003) (finding "[defendant's] sale of cigarettes to Washington residents through its interactive website constitutes purposeful availment of the privilege of conducting business in Washington"); *see also Mavrix Photo, Inc.*, 647 F.3d at 1229-30 (exercising personal jurisdiction where defendant was "carrying on a part of its general business" in the forum) (internal quotation marks and citation omitted).

The Court finds that the uncontroverted allegations in Philips' Complaint constitute acts "expressly aimed" at the forum state. *See* Complaint, docket no. 1, ¶ 11 ("each of the Defendants directly targets business activities towards consumers in Washington and causes harm to Philips' business within this District"). The Defaulting Defendants did not passively place infringing products into the "stream of commerce," but rather expressly aimed them toward Washington by sending them to Washington addresses. *Id.* ¶¶ 27-28, 32-33, 37-38, 42-43, 47-48. The Defaulting Defendants' infringing products were marketed in Washington and sold in Washington. *Id.* These well-pleaded and uncontroverted facts establish that Defendants expressly aimed their actions at Washington state. *Getty Images*

*(US), Inc.*, 2014 WL 358412, at *2 ("At the default judgment stage, well-pleaded factual allegations, except those related to damages, are considered admitted"); *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, No. CV 14-2307 RSWL (FFMx), 2014 WL 4679001, at *4 (C.D. Cal. Sept. 18, 2014) (finding personal jurisdiction for default judgment because "Plaintiff has alleged facts, deemed admitted by Defendants' default . . . that Defendants sell and ship infringing products to California residents through Defendants' website, ozwearuggs.com.au, and that such infringing products are the subject of Plaintiff's claims and injuries in this Action") (citation omitted). Thus, the Court holds that the Defaulting Defendants' activities show "something more" than merely foreseeable impact in Washington, and thus satisfy the express aiming prong. *See Mavrix Photo, Inc.*, 647 F.3d at 1229.

Finally, Philips alleges that the Defaulting Defendants caused harm they knew was likely to be suffered in this forum. "[A] corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business." *Id.* at 1231 (citation omitted). In a trademark infringement action, it is foreseeable that harm suffered by the mark owner will be felt in its home state. *Microsoft Corp. v. Aventis Sys., Inc.*, No. C16-1234RSM, 2016 WL 6650996, at *4 (W.D. Wash. Nov. 10, 2016); *see also* Complaint, docket no. 1, ¶ 52 ("Defendants' continued use of the SimplyClean Trade Dress will damage Philips' reputation, as well as goodwill in, and value of, the SimplyClean Trade Dress."). As Philips Oral Healthcare, LLC's principal place of business is in Bothell, Washington (Complaint, docket no. 1, ¶ 3), the Court finds it is foreseeable that it would be harmed here.

In addition, Philips alleges that the Defaulting Defendants have harmed the consuming public by marketing, soliciting, and selling their infringing products to Washington residents. *Id.* ¶¶ 20, 50, 55 (the Defaulting Defendants have sold alleged

copies of Philips' SimplyClean Trademark Product Configuration to Washington residents, and their actions "are likely to mislead consumers into believing that Defendants' products are genuine Philips products" and have "irreparably harm[ed] . . . the public's interest in being free from confusion and deception"). Because the Defaulting Defendants marketed and sold allegedly infringing products to Washington residents, they caused harm they knew was likely to be felt in Washington.

### b. Philips' Claims Arise Out of the Defaulting Defendants' Forum-Related Activities

"The Ninth Circuit has adopted the 'but for' test to determine the 'arising out of' requirement. . . . The Ninth Circuit has recognized that, in trademark or copyright infringement actions, if the defendant's infringing conduct harms the plaintiff in the forum, this element is satisfied." *Aventis Sys., Inc.*, 2016 WL 6650996, at *5 (citing *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 963 (N.D. Cal. 2015)).

Philips' claims arise out of the Defaulting Defendants' advertising and sale of allegedly infringing products that copy Philips' SimplyClean Trademark Product Configuration. It is precisely these products that are the subject of Philips' claims and injuries in this action. Thus, the Court holds that Philips' allegations satisfy this factor.

### c. The Exercise of Jurisdiction Is Reasonable

By failing to answer the Complaint, the Defaulting Defendants failed to present any evidence or make any arguments that exercise of jurisdiction would be unreasonable. The Court thus holds that the Defaulting Defendants have conceded to the factual allegations stated in the Complaint, which include the fact that witnesses and evidence are located in this forum because Philips' principal place of business is in Washington. Complaint, docket no. 1, ¶ 3.

## 2. The Defaulting Defendants Were Served in Accordance with the Court's Order Granting Electronic Service of Process

On October 11, 2018, the Court authorized electronic service of process for the Defaulting Defendants. Order, docket no. 21. Specifically, the Court ordered Philips to serve the Defaulting Defendants as follows:

> 1. Delivery of an email message to Defendants using the email addresses set forth in Table 1 below, which are the same email addresses that Plaintiff's agents used to communicate with and/or purchase the allegedly infringing replacement toothbrush heads from Defendants.
>
> 2. Delivery of an electronic communication to Defendants using the "Contact Supplier" feature on each Defendant's Alibaba store, located at the links set forth in Table 2 below, which are the same links that Plaintiff's agents used to communicate with and/or purchase the allegedly infringing replacement toothbrush heads from Defendants.

*Id.* at 2. The Court found that service in this manner was "reasonably calculated to result in notice to the Defendants." *Id.*

On October 26, 2018, Philips electronically served the Defaulting Defendants. McClafferty Decl., ¶¶ 3-6, 12-16, 21-23, 28-30, 35-36. Throughout this process, Philips has made efforts to re-send, follow up, and track the delivery of its email messages and Alibaba electronic communications to the Defaulting Defendants beyond the efforts required by the Court's order permitting alternative service. *Id.* ¶¶ 7-11, 17-20, 24-27, 31-34, 37-38. Although some of the emails and messages sent pursuant to the Court's order were undeliverable or were never marked as read by the recipient, each Defaulting Defendant appears to have received, at a minimum, either an email (that was not followed by a delivery failure notification) or multiple electronic messages through their respective Alibaba storefronts that were marked as read. The Court is reasonably satisfied that each

DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 10
NO. 2:18-cv-01032-TSZ

Defaulting Defendant has received notice of this action. The Court thus finds that Philips has fully complied with the Court's order regarding electronic service.

### 3. Electronic Service on the Defaulting Defendants Satisfies Fed. R. Civ. P. 4(f)(3)

The Court previously concluded that service by email and through Alibaba's "Contact Supplier" feature was "reasonably calculated to result in notice to the Defendants." (Dkt. 21 at 2.) In fact, Philips alleges that the Defaulting Defendants do not merely operate on the internet, but have "structured [their] business[es] such that [they] could be contacted only via [their] email address[es]." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002). The Court finds that in light of this business structure, email and electronic communications through Alibaba are effective means of communicating with the Defaulting Defendants, and that Defaulting Defendants received adequate notice of this action and an opportunity to be heard. *Id.* at 1017-18 (holding district court did not abuse its discretion in allowing service by regular mail and e-mail). And, as noted above, Philips was successful, as it has proof that the Complaint and Summons were electronically delivered to each of the Defaulting Defendants pursuant to the Court's October 12, 2018 Order. Affidavits of Service, docket nos. 22-26; McClafferty Decl., ¶¶ 7-11, 17-20, 24-27, 31-34, 37-38. The Court thus finds that Philips has complied with Fed. R. Civ. P. 4(f)(3).

## II. PHILIPS IS ENTITLED TO DEFAULT JUDGMENT

Courts in the Ninth Circuit consider the following factors when determining whether default judgment is appropriate:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of dispute concerning material facts;

(6) whether default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The factors weigh heavily in favor of granting default judgment in this case.

### 1. Philips' Sufficiently Pleaded Claims of Federal, State, and Common Law Trademark Infringement and Unfair Competition

The second and third *Eitel* factors, i.e., the substantive merits and sufficiency of the complaint, require Philips to state a claim on which it may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). A default concedes the truth of the allegations as to the Defaulting Defendants' liability. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes*, 559 F.2d at 560). The well-pled factual allegations of Philips' Complaint establish the Defaulting Defendants' liability for Philips' trademark infringement and unfair competition claims.

Section 43(a) of the Lanham Act prohibits use of a mark that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

In determining the likelihood of confusion, courts in the Ninth Circuit apply the following *Sleekcraft* factors: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product

lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979) (abrogated on other grounds).

"The elements necessary to establish a likelihood of confusion for common law and statutory unfair competition claims in Washington are the same as for federal trademark infringement and unfair competition." *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010); *see also Multifab, Inc. v. ArlanaGreen.com*, 122 F. Supp. 3d 1055, 1067 (E.D. Wash. 2015) ("Washington state courts have adopted the 'likelihood of confusion' standard for common law and statutory unfair competition claims") (citing *Pioneer First Fed. Sav. & Loan Ass'n v. Pioneer Nat. Bank*, 98 Wash. 2d 853, 860 n.1, 659 P.2d 481 (1983) (explaining that state and federal trademark laws are complimentary)). "When an alleged infringer knowingly adopts a mark similar to another's, courts will presume an intent to deceive the public." *Troy Healthcare, LLC v. Nutraceutical Corp.*, No. C11-844-RSM, 2011 WL 13127843, at *9 (W.D. Wash. June 6, 2011) (quoting *Official Airline Guides v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993)).

Philips has pled sufficient facts in the Complaint to establish trademark infringement and unfair competition. First, Philips has pleaded uncontroverted facts indicating longstanding advertising, promotion, and sale of the SimplyClean Trademark Product Configuration, distinctive and unique configuration, and commercial acceptance and renown among purchasers of replacement brush heads. As a result, Philips has proven for purposes of this litigation that the SimplyClean Trademark Product Configuration has acquired distinctiveness in the minds of the public with a particular toothbrush head made and sold by Philips. Complaint, docket no. 1, ¶¶ 15-19. Philips has also alleged intentional copying of its SimplyClean Trademark Product Configuration by Defendants, providing another basis for establishing secondary meaning. *Fryer v. Brown*, No. C04-5481 FDB, 2005 WL 1677940, at *3 (W.D. Wash. July 15, 2005) ("the alleged deliberate copying

establishes a secondary meaning."); *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, No. CV-14-085-LRS, 2015 WL 11117171, at *4 (E.D. Wash. Nov. 30, 2015) (proof of intentional copying can establish secondary meaning); *see also id.*, ¶¶ 25, 29, 30, 34, 35, 39, 40, 44, 45, 49.

Second, this Court concludes that the Defaulting Defendants' manufacture and sale of products allegedly copying the SimplyClean Trademark Product Configuration is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Defaulting Defendants, their products/services, and/or their commercial activities by or with Philips; and these actions as alleged by Philips were intentional and willful. Complaint, docket no. 1, ¶¶ 25-28, 30-33, 35-38, 40-43, 45-48. For purposes of this litigation, the actions of the Defaulting Defendants thus constitute trademark infringement and unfair competition under federal and common law, and unfair competition under state law.

### 2. The Other *Eitel* Factors Are Satisfied

#### a. Amount at Stake

This factor balances the amount of money at stake against the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. Because Philips seeks only injunctive relief and no money is at stake, the Court holds this factor is neutral.[2] *DialMask, Inc. v. Bresolin*, No. C15-1784RSM, 2017 WL 2443556, at *6 (W.D. Wash. June 6, 2017) ("In this case, Plaintiff is not seeking any monetary judgment. Accordingly, this factor is neutral.").

---

[2] According to Philips' uncontroverted allegations, the current evidence shows that four of the Defaulting Defendants have the collective manufacturing capacity to produce 400,000 packs of infringing brush heads per week. Complaint, docket no. 1, ¶¶ 26, 31, 36.

DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 14
NO. 2:18-cv-01032-TSZ

**b.      Possibility of Prejudice**

This factor considers whether Philips will suffer prejudice if default is not entered. *Eitel*, 782 F.2d at 1471-72. Philips has alleged that it has suffered and will continue to suffer injury from the Defaulting Defendants' infringement. The Defaulting Defendants' failure to appear or otherwise participate in this action deprives Philips of the ability to conduct discovery as to the true extent of this harm. Thus, the Court concludes that if default is not entered, Philips will be prejudiced because it lacks any other means to prevent the Defaulting Defendants from causing future harm. *See Elf-Man, LLC v. Albright*, No. 13-CV-0115-TOR, 2014 WL 4384028, at *2 (E.D. Wash. Sept. 3, 2014). This factor favors default judgment. *Id.*

**c.      Possibility of Dispute**

This factor requires the Court to consider whether any material facts may be in dispute. *Eitel*, 782 F.2d at 1471-72. Because the Defaulting Defendants have failed to answer or otherwise appear, all allegations in the Complaint, except those relating to damages, are taken as true. *Getty Images (US), Inc.*, 2014 WL 358412, at *2. This factor weighs in favor of default judgment. *Id.* at *4.

**d.      Possibility of Excusable Neglect**

There is no indication that the Defaulting Defendants have defaulted due to excusable neglect. Philips served each of the Defaulting Defendants in compliance with the Court's October 12, 2018 Order granting electronic service. McClafferty Decl., ¶¶ 3-6, 12-16, 21-23, 28-30, 35-36. Philips has confirmation that its service emails were delivered to the email addresses associated with the Defaulting Defendants, that its messages were delivered through the Alibaba storefronts associated with the Defaulting Defendants, and that some of the Defaulting Defendants have read the messages. *Id.*, ¶¶ 5-11, 15-20, 22-27, 29-33, 35-38. At a minimum, each Defaulting Defendant either received an email

DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 15
NO. 2:18-cv-01032-TSZ

describing the pending litigation, as authorized by this Court, or received and reviewed electronic messages through their Alibaba storefronts, as authorized by this Court. The Court thus holds that the Defaulting Defendants' failure to appear after being properly served was willful, and this factor therefore favors default judgment. *Getty Images (US), Inc.*, 2014 WL 358412, at *5.

### e. Policy for Deciding on the Merits

While there is a preference for deciding cases on the merits, this preference is not dispositive. *See Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR, 2011 WL 1584424, at *3 (W.D. Wash. Apr. 27, 2011). When a party fails to appear or respond, default judgment may be the only manner to remedy a violation of rights. *See Elf-Man, LLC*, 2014 WL 4384028, at *2. The Defaulting Defendants' failure to respond to this action makes deciding their cases on the merits impossible. As such, the Court holds this factor also favors default judgment. *Id.*

## III. RELIEF

### A. Permanent Injunction

The Court finds that an injunction is the only remedy that will prevent further damage and irreparable injury to Philips; its SimplyClean Trademark Product Configuration; its reputation and goodwill associated with its trademark product configuration; and the public's interest in being free from confusion, mistake, and deception stemming from the Defaulting Defendant's infringing activities.

A plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that it is in the public's interest to issue the injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Philips has established that all four

DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 16
NO. 2:18-cv-01032-TSZ

factors favor a permanent injunction, which courts may issue as part of default judgments. *See*, *e.g.*, *Deere & Co. v. Zhao*, No. C14-1831RAJ, 2015 WL 2126825, at *3 (W.D. Wash. May 6, 2015) (granting motion for default judgment and entering a permanent injunction regarding its trademark infringement claims); *Microsoft Corp. v. Lopez*, No. C08-1743-JCC, 2009 WL 959219, at *4-5 (W.D. Wash. Apr. 7, 2009) (entering permanent injunction and awarding statutory damages on default).

### 1. Philips Has Suffered Irreparable Injury

The injuries caused by the presence of infringing products in the market—such as lost profits and customers, as well as damage to goodwill and business reputation—constitute irreparable injury. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of" irreparable harm). Philips has sufficiently alleged that the Defaulting Defendants have infringed Philips' SimplyClean Trademark Product Configuration by willfully and knowingly distributing, offering for sale, and/or selling imitation replacement toothbrush heads. Complaint, docket no. 1, ¶¶ 25-28, 30-33, 35-38, 40-43, 45-48. Philips has also sufficiently alleged that it heavily invests in promoting the SimplyClean Trademark Product Configuration. *Id.* ¶ 16-19. The Court thus holds that the Defaulting Defendants' activities undermine Philips' substantial investment in its configuration trademark, and the Defaulting Defendants' copying of that trademark configuration means Philips loses control over its reputation and goodwill. These are irreparable injuries. *Magnabilities, LLC v. Rose*, No. CV-11-0115-EFS, 2011 WL 4498988, at *3 (E.D. Wash. Sept. 26, 2011) ("Plaintiff stands to suffer a loss to its consumer goodwill as a result of Defendant's infringement.") (citing *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) ("Injunctive relief is

the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."). This factor weighs in favor of issuing a permanent injunction.

### 2. Philips Has No Adequate Remedies at Law

Where there is potential for future harm from infringement, there is no adequate remedy at law. *See T-Mobile USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133 (W.D. Wash. 2012) ("Permanent injunctive relief is the only adequate remedy to prevent the continued threat of infringement".). This factor also weighs in favor of a permanent injunction.

### 3. The Balance of Hardships Weighs in Philips' Favor

Refraining from trademark infringement imposes no hardship on the infringing party. *See Magnabilities, LLC*, 2011 WL 4498988, at *3 ("The balance of hardships also favors Plaintiff because while Plaintiff stands to lose profit and consumer goodwill absent an injunction, a permanent injunction will only require Defendant to cease its infringement, thereby foregoing no legitimately-acquired benefit."). An injunction preventing the Defaulting Defendants from infringing Philips' trademark configuration poses them no hardship, as they can offer replacement toothbrush heads using non-infringing configurations. In contrast, without an injunction, the Court finds that Philips stands to lose sales to consumer confusion and the valuable business reputation. As such, the Court holds that the balance of hardships tips decidedly in Philips' favor.

### 4. A Permanent Injunction Serves the Public Interest

Finally, it is in the public interest to issue an injunction against the Defaulting Defendants to prevent consumer confusion and protect Philips' property interests. *Magnabilities, LLC*, 2011 WL 4498988, at *3 ("an injunction is in the public interest because '[t]he public has an interest in avoiding confusion between two companies' products'") (quoting *Internet Specialties W., Inc. v. Millon–Di Giorgio Enters., Inc.*, 559
DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 18
NO. 2:18-cv-01032-TSZ

F.3d 985, 993 n.5 (9th Cir. 2009)); *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011) (allowing infringement of intellectual property "discourages future innovation by failing to provide an adequate forum through which individuals and corporations can protect their own ideas").

IT IS SO ORDERED THAT:

1. The Defaulting Defendants, along with their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, suppliers, and all those in active concert or participation with any of them, are permanently enjoined from the following:

    A. Using the SimplyClean Trademark Product Configuration, or any reproduction, counterfeit, copy, or colorable imitation of the same, or any configurations confusingly similar thereto, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale any products or services, including, but not limited to, replacement toothbrush heads;

    B. Making or employing any other commercial use of the SimplyClean Trademark Product Configuration, any derivation or colorable imitation thereof, or any configurations confusingly similar to the SimplyClean Trademark Product Configuration;

    C. Further infringing the SimplyClean Trademark Product Configuration, and from further damaging Philips' goodwill;

    D. Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (A) through (C), or effecting any assignments or transfers, forming new entities or

associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (C).

2. In view of the foregoing, judgment is entered against Shenzhen Sincere Mold Technology Co., Ltd, Shenzhen Vbatty Technology Co., Ltd, Shenzhen High Sida Technology Co., Ltd, Shenzhen Hershelly Technology Co., Ltd., and Zhongshan BestClean Brush Co., Ltd on Counts 1-3 of the Complaint.[3]

**IT IS SO ORDERED.**

DATED: April 11, 2019.

Thomas S. Zilly
United States District Judge

---

[3] Plaintiff's Complaint also seeks damages from lost profits and treble damages under Washington's Unfair Competition Law, in addition to other injunctive relief not addressed in Plaintiff's Motion for Default Judgment (e.g., orders requiring Defendants to destroy allegedly infringing products, prohibiting Defendants from registering their trade dress with the U.S. Patent and Trademark Office, etc.). Plaintiff has not demonstrated that it is entitled to any of this additional relief, and the Court declines to award it. Plaintiff also requests additional injunctive relief barring Defendants from engaging in other, unspecified unfair competition with Plaintiff. Because Plaintiff has not pleaded facts demonstrating entitlement to such relief, the Court cannot award it. Accordingly, the judgment has been narrowed to provide only that relief that Plaintiff's allegations support in light of Defendants' default.

DEFAULT JUDGMENT AND PERMANENT
INJUNCTION Page 20
NO. 2:18-cv-01032-TSZ